## Venesky v. Community Medical Center

*Lawrence R. Cohan, Alan Schwartz,* for plaintiff.
*Howard A. Rothenberg,* for defendant.

COTTONE, *J.,* May 15, 1984 — This matter is before the court by way of defendant's motion for summary judgment. However, at oral argument both counsel stipulated that the pleadings are more properly characterized as a motion for partial summary judgment. The main issue for resolution is whether defendant is cloaked with immunity.

Plaintiff's complaint in trespass alleges that Paul S. Venesky was admitted to defendant-hospital on or about March 17, 1982, for treatment of a mental disorder. The complaint further alleges that the defendant-hospital was aware of Paul S. Venesky's propensity to harm himself. On March 29, 1982, it is alleged that Paul S. Venesky was left unsupervised and was able to gain access to linen from which he fashioned a rope and was able to hang himself.

Before proceeding to the merits of the instant matter, it is helpful to outline the two different statutory sections relied on by both counsel in their lengthy and ably written briefs.

The Mental Health and Mental Retardation Act of 1966 (1966 Act) originally outlined the rights of people suffering from all types of mental disorders. The 1966 Act defined Mental Disability as any

". . . mental illness, mental impairment, mental retardation, or mental deficiency, which so lessens the capacity of a person to use his customary self-control, judgment and discretion in the conduct of his affairs and social relations as to make it necessary or advisable for him to be under care as pro-

vided in this act. It shall include conditions and terms heretofore defined as 'insanity,' 'unsoundness of mind,' 'lunacy,' 'mental disease,' 'mental disorder,' 'feeble-minded,' 'moron,' 'idiot' and 'imbecile.' The term shall not include senility, unless mental illness or mental retardation is superimposed." 50 P.S. §4102.

The 1966 Act also contained an immunity provision:

"No person and no governmental or recognized nonprofit health or welfare organization or agency shall be held civilly or criminally liable for any diagnosis, opinion, report or any thing done pursuant to the provisions of this act if he acted in good faith and not falsely, corruptly, maliciously or without reasonable cause; provided, however, that causes of action based upon gross negligence or incompetence shall not be affected by the immunities granted by this section." 50 P.S. §4603.

The Mental Health Procedures Act of 1976 (1976 Act) was enacted to assure adequate treatment to those who are mentally ill. 50 P.S. §7102. The repealer section of the 1976 Act makes it clear that the 1976 Act was intended to deal with the area of mental illness while leaving the 1966 Act to deal with the area of mental retardation.

"§7502 Repeals

"(a) The definition of 'mental disability' in section 102, and sections 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 416, 418, 419, 420, and 426, act of October 20, 1966 (3rd Sp. Sess., P.L. 96, No. 6), known as the 'Mental Health and Mental Retardation Act of 1966,' are hereby repealed, except in so far as they relate to mental retardation or to persons who are mentally retarded.

"Section 29 of the Act of December 6, 1972 (P.L. 1464, No. 333), known as the 'Juvenile Act,' except so far as it relates to mental retardation or to persons who are mentally retarded, is hereby repealed.

"(b) All acts and parts of acts are repealed in so far as they are inconsistent herewith." [Footnotes omitted.] 50 P.S. §7502.

The 1976 Act also contains an immunity provision. Such provision, in pertinent part, reads as follows:

"In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under this act, or that a person be discharged, or placed under partial hospitalization, outpatient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences." 50 P.S. §7114(a).

Therefore, after a careful review of the 1966 Act and the 1976 Act, we hold that the 1976 Act is intended to exclusively govern the rights of those who are mentally ill, while the 1966 Act is left to govern the rights of those who suffer from mental retardation. In the interest of clarity, we reiterate that the decedent was suffering from a mental disorder and there is no allegation that the decedent was mentally retarded. Because the decedent was affected by a mental disorder, the 1976 Act controls the instant matter. The 1976 Act grants immunity, in the absence of willful misconduct or gross negligence, to an authorized individual who participates in a deci-

sion that a person be placed under treatment or discharged. At oral argument, both counsel agreed that this case presents neither an admission or discharge issue. Furthermore, the named defendant in this action is the Community Medical Center. An individual has not been named as a defendant. Therefore, we hold that recovery may be allowed if the plaintiff proves that the defendant failed to exercise reasonable care.

As support for our above holdings, we cite Saunders v. Latrobe Area Hospital, Inc., 14 D.&C. 3d 458 (1980). In the Saunders case, plaintiff was voluntarily receiving in-patient care at the mental health unit of defendant-hospital. Plaintiff alleged that defendant was negligent and grossly negligent in administering various drugs. As a result of this alleged negligence, plaintiff suffered brain damage. The hospital filed a motion for partial summary judgment based upon Section 603 of the 1966 Act and Section 114 of the 1976 Act. In denying said motion, the administrator held that "the immunities provided in Section 603 of the Mental Health and Mental Retardation Act of 1966 no longer apply to one who is mentally disabled or ill, but only to one who is mentally retarded." Id. at 462. In discussing Section 114 of the 1976 Act. the Saunders case held that that immunity provision extended only to individuals participating in a decision to admit or discharge a person.

"The immunity provided by this section is granted only to *individuals* who participate in a decision that a person be examined, treated or hospitalized in some manner, that a person be denied these services, or that the restraints imposed upon a person be in some manner reduced. This section affords no immunity for the method or manner in which a pa-

tient is cared for or treated after the initial decision to provide such treatment has been made." Id. at 465-6. (Emphasis in original.)

Therefore, for the foregoing reasons, we will enter an appropriate order denying defendant's motion for partial summary judgment.

## ORDER

And now, this May 15, 1984, it is hereby ordered that defendant's motion for partial summary judgment is denied. Plaintiff's burden of proof is that of ordinary negligence.